540 P.2d 1284

**STATE of Arizona, Appellee,**

v.

**Paul Eugene HOPPER, Appellant.**

**No. 1 CA–CR 749.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 7, 1975.

Rehearing Denied Oct. 29, 1975.

Review Denied Dec. 9, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John F. Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Judge.

Appellant was charged with the crime of possession of marijuana for sale in violation of A.R.S. § 36–1002.06. He was arrested with three co-defendants on December 9, 1973 and his initial appearance was held that same day, thereby commencing the Rule 8.2(c) 120-day time period as provided in the Rules of Criminal Procedure, 17 A.R.S. Trial was set for April 1, 1974, well within the 120-day time period within which those persons released from custody after being charged with a crime are to be tried, as provided in Rule 8.2(c). On March 29, 1974 trial was reset for April 15, 1974, and although present with counsel, appellant made no objection to the resetting. Since the motion for severance had been granted and other co-defendants were still scheduled for trial on April 1,

**66**

1974, the trial court apparently found it necessary to continue appellant's trial one week beyond the 120-day time limit provided in Rule 8.2(c). After filing a motion to dismiss, which was denied, appellant was eventually found guilty on April 23, 1974, and later sentenced.

In his appeal appellant asserts that his case should have been dismissed on April 23, 1974 because of the ·violation of his speedy trial right in that the 120-day time limit of Rule 8.2(c) had been exceeded.

Appellant has raised no federal constitutional speedy trial issues in this appeal, therefore the result that we reach is based on our own Arizona Rules of Criminal Procedure. *State ex rel. Berger v. Superior Court*, Ariz., 529 P.2d 686 (1974).

Rule 8.4(a), Rules of Criminal Procedure, 17 A.R.S., states that delays occasioned by or on behalf of the defendant shall be excluded periods of time for the computation of the time limits set forth in Rules 8.2 and 8.3. We hold that the period of time from the filing of appellant's motion for severance until the new trial date set by the court is an excluded period of time within the meaning of Rule 8.4(a). The rules do not provide a time limit within which a case must be reset for trial after a severance motion has been granted, therefore we hold that a reasonable time within which to reset the case for trial is an excluded period of time under Rule 8.4(a). In the instant case the motion was made on March 15, 1974 and trial was reset from April 1 to April 15, 1974, and no objection to this resetting was made by appellant at the hearing. Under the circumstances, we hold this to be a reasonable delay and an excluded time period under Rule 8.4(a). Even though trial was ultimately held on April 23, 1974, the excluded time period would bring the trial within the 120-day provision of Rule 8.2(c). Defendant has not asserted that any prejudice resulted from this short delay.

We affirm the conviction and sentence.

OGG, P. J., and FROEB, J., concur.