379 So.2d 1088 (1980)
STATE of Louisiana
v.
Robert Lee DOUGHTY.
No. 65337.
Supreme Court of Louisiana.
January 28, 1980.
*1089 James C. Dixon, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph Tyson, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
DENNIS, Justice.
The question raised by this criminal appeal is whether the double jeopardy prohibitions bar multiple conviction and punishment at a single trial for the crimes of forgery and theft which occurred when defendant knowingly obtained cash and merchandise with a check bearing a false signature. Defendant's conviction and sentence for theft must be reversed. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. In the present case, the evidence required to support a conviction of theft would have been sufficient to warrant a conviction of forgery, without the proof of any additional facts. Where multiple punishment has been erroneously imposed the proper appellate procedure is to eliminate the effect of the less severely punishable offense.
In a two-count bill of information filed on April 7, 1978, defendant Robert L. Doughty was charged with forgery and felony theft, in violation of La. R.S. 14:72 and 14:67. Following trial before a judge, defendant was found guilty as charged on each count. On April 20, 1979 the trial judge sentenced defendant to eighteen (18) months' imprisonment on each count, sentences to run concurrently. From this conviction and sentence defendant has appealed, urging a single contention of error based on double jeopardy violations.
On November 19, 1977, at approximately 4:00 p. m., defendant Robert Doughty and his wife entered Butler's Check and Save Grocery on Foster Drive in Baton Rouge. After shopping awhile, defendant asked the check-out clerk to cash his payroll check. When she agreed, defendant endorsed the check with the name "Roy Fruge." The check was drawn on the account of Charles Ellis Construction Company and made payable to Roy Fruge in the amount of one hundred sixty-nine dollars. After the clerk cashed the check the defendant used some of the money to pay for approximately twenty dollars worth of groceries.
*1090 Shortly after the transaction, Mrs. Robert Butler, an owner of the store, inspected the check and became suspicious. She phoned Charles Ellis Construction Company to verify the check. When she was told that the check was forged Mrs. Butler called the police, who came and arrested defendant and his wife sitting in an automobile in front of the store.
Defendant Doughty was charged with the offenses of forgery, La. R.S. 14:72, and theft, La. R.S. 14:67. Defendant's motion to arrest judgment on double jeopardy grounds was denied. Defendant appealed, contending that his prosecution for forgery placed him in double jeopardy because it arose from the same conduct as the theft.
The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth, provides that no person shall "be subject for the same offenses to be twice put in jeopardy of life or limb." Article 1, § 15 of 1974 Louisiana Constitution contains a similar guarantee. It has long been understood that separate statutory crimes need not be identicaleither in constituent elements or in actual proofin order to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); 1 J. Bishop, New Criminal Law, § 1051 (8th ed. 1892); Comment, Twice in Jeopardy, 75 Yale L.J. 262, 268-269 (1965).
Because it was designed originally to embody the protection of the common-law pleas of former jeopardy, see United States v. Wilson, 420 U.S. 332, 339-340, 95 S.Ct. 1013, 1019-1020, 43 L.Ed.2d 232 (1975), the double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecution ordinarily may not attempt to secure that punishment in more than one trial. Brown v. Ohio, 432 U.S. at 166, 97 S.Ct. at 2225, 53 L.Ed.2d at 193-194.
The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction, and it protects against multiple punishment for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).
In determining whether two offenses are the same for purposes of barring multiple punishments at a single trial, the Supreme Court, in Brown v. Ohio, supra, 432 U.S. at 167, 97 S.Ct. at 2220, made clear that the test which had been formulated in the federal system is constitutionally required of the states:
"The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932);
"`The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....'
This test emphasizes the elements of the two crimes. `If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes....' Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975).
"* * *
"Unless `each statute requires proof of an additional fact which the other does not,' Morey v. Commonwealth, 108 Mass. 433, 434 (1871), the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment." 432 U.S. at 166, 97 S.Ct. at 2225-26, 53 L.Ed.2d at 194-195. See also Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).
*1091 Sometimes called the "distinct fact" test, the Blockburger test depends on the evidence required to convict, not the evidence introduced at trial. See Comment, Twice in Jeopardy, 75 Yale L.J. 271-273 (1965). The test is equivalent to the rule announced by Morey v. Commonwealth, 108 Mass. (12 Browne) 433 (1871), the first case to apply the "same evidence" test in this country. As formulated by Morey, offenses are the same when "the evidence required to support a conviction upon one [indictment] would have been sufficient to warrant a conviction upon the other." [emphasis supplied] Id. 434.
Applying the distinct fact test, we conclude that there is only one offense in this case because the evidence required to support a conviction on the theft charge would have been sufficient to warrant a conviction on the forgery charge. Theft is defined as the misappropriation or taking of anything of value of another either without his consent or by means of fraudulent conduct. La. R.S. 14:67. In the present case, since the cash and merchandise obtained by the defendant were given over with consent, the evidence that the goods were transferred for a forged instrument was crucial to proof of theft by means of fraudulent conduct. Furthermore, no additional fact, beyond that necessary to prove the theft charge, was required to warrant a conviction on the forgery charge. Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy; or issuing or transferring, with intent to defraud, a forged writing known by the offender to be a forged writing. La. R.S. 14:72. Since it was necessary to prove that the check was forged and that defendant knew it was forged in order to prove the essential fraudulent element of the theft crime, proof of no additional fact was required in order to convict defendant of forgery.
Since the sentences in the present case were made to run concurrently, it may be argued that the concurrent sentences are presumed to be no greater punishment than a single sentence of equal length. See Claasen v. United States, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966 (1891); Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 656, 5 L.Ed.2d 670 (1961); Note, 107 U.Pa.L.Rev. 726 n. 4 (1959). However, "[t]he validity of this presumption is questionable ... [i]t does not take into account the stigma which attaches for an accused from the conviction of two or more crimes, rather than one, or the practical effect on a prisoner, now that the parole system is so widely applied." United States v. Hines, 256 F.2d 561, 563 (2d Cir. 1958). Concurrent sentences are more prejudicial than a single sentence because "it is well understood that a multiplicity of sentences impairs a prisoner's opportunities for pardon or parole." Hibdon v. United States, 204 F.2d 834, 839 (6th Cir. 1953); see Comment, Twice in Jeopardy, 75 Yale L.J. 262, 300 (1965).
Because of the prejudicial effect of concurrent sentences where, as in the present case, the convictions are found to be in violation of the state and federal provisions which proscribe double jeopardy, one of the sentences must be vacated. Where multiple punishment has been erroneously imposed, the appropriate procedure at the appellate level is to eliminate the effect of the judgment as to the less severely punishable offense. State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967); State v. Hopper, 25 Ariz.App. 65, 540 P.2d 1284 (1975). This action consists of eliminating both conviction and sentence. Id. Cf. In re Wright, 65 Cal.2d 650, 56 Cal.Rptr. 110, 422 P.2d 998 (1967); People v. Laster, 18 Cal.App.3d 381, 96 Cal.Rptr. 108 (1971).
In the present case forgery, La. R.S. 14:72, is punishable by a fine of not more than five thousand dollars or imprisonment, with or without hard labor, for not more than ten (10) years or both. The crime of theft, La. R.S. 14:67, provides for a penalty of imprisonment, with or without hard labor, for not more than ten years when the misappropriation or taking amounts to a value of one hundred dollars or more. Accordingly, defendant's conviction and sentence for theft must be vacated.
*1092 For the reasons assigned, the conviction and sentence for theft are vacated. The conviction and sentence for forgery are affirmed.
VACATED IN PART; AFFIRMED IN PART.