468 So.2d 554 (1985)
STATE of Louisiana
v.
Luke DUBAZ.
No. 84-KA-2027.
Supreme Court of Louisiana.
May 14, 1985.
*555 William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Charles Ciaccio, Beryl McSmith, & Judith Brewster, Asst. Dist. Attys., for plaintiffappellee.
William H. Slaughter, III, New Orleans, for defendant-appellant.
DENNIS, Justice.
The question raised by this case is whether the double jeopardy prohibitions bar multiple convictions and punishments based on guilty pleas for the crimes of possession of cocaine with intent to distribute, La.R.S. 40:967(A)(1) & (B)(1), and possession of cocaine in an amount over 200 grams but under 400 grams, La.R.S. 40:967(F)(2), when both offenses are based upon a single seizure of 549 grams of cocaine from defendant's residence on one occasion pursuant to a search warrant. The answer is yes, the multiple convictions and sentences violate the double jeopardy prohibitions. The defendant's conviction and sentence for possession with intent must be eliminated; his conviction for possession of a specified quantity will be affirmed, but his sentence therefor will be *556 vacated, and the case will be remanded for resentencing.
Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Coody, 448 So.2d 100 (La.1984); State v. Doughty, 379 So.2d 1088 (La.1980). In the present case, the evidence which warranted a conviction of possession with intent to distribute was sufficient to warrant a conviction of possession in the specified quantity without proof of any additional facts. Accordingly, there was only one offense and the multiple convictions and sentences constitute double jeopardy.
Where multiple punishment has been erroneously imposed the proper appellate procedure is to eliminate the effect of the less severely punishable offense. State v. Doughty, supra, 379 So.2d at 1091 and cases cited therein. The offense of possession of cocaine with intent to distribute is less severely punishable than possession in an amount over 200 but less than 400 grams. Compare La.R.S. 40:967(B)(1) with 967(F)(2). Accordingly, the defendant's conviction for possession of cocaine in the specified amount will be affirmed, and his conviction for possession with intent will be eliminated.
Both of the defendant's sentences must be vacated, because the defendant's appeal in effect attacks the entire plan of punishment imposed in violation of the double jeopardy prohibitions. Because one of the defendant's convictions is valid and provides a basis for a legal sentence, the case will be remanded for resentencing on this offense alone. Cf. United States v. Busic, 639 F.2d 940 (3d Cir.1981), cert. denied 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981); Lafave and Israel, Criminal Procedure § 24.4(d) (1984).
The state argues that the defendant waived his constitutional protections against double jeopardy by pleading guilty to both crimes. However, even an unqualified plea of guilty does not preclude review of what are regarded as "jurisdictional" defectsthose which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged, e.g., that the conviction represents double jeopardy. State v. Crosby, 338 So.2d 584 (La. 1976); State ex rel Wikberg v. Henderson, 292 So.2d 505 (La.1974). Cf. Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed. 195 (1975).
Accordingly, the defendant's conviction of possession of cocaine with intent to distribute is reversed and his conviction of possession of cocaine in an amount over 200 but under 400 grams is affirmed; both of defendant's sentences are reversed; the case is remanded for resentencing on the conviction affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
BLANCHE and MARCUS, JJ., concur.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The two offenses do not fall under the Blockburger test for double jeopardy, since each requires proof of an additional fact which the other does not. One requires proof of a specific amount of drugs in defendant's possession, while the other requires proof of defendant's intent to distribute. While evidence of defendant's possession of 549 grams of cocaine in this case would have been sufficient to prove his commission of both offenses, evidence that he possessed 199 grams would have been insufficient to prove his violation of Section 967(F)(2), but may have been sufficient to prove his intent to distribute.[1]
*557 Nevertheless, I agree that defendant should not be punished for both offenses, the gravamen of which is the same. See State v. Didier, 262 La. 364, 263 So.2d 322 (1972). In enacting the two statutes, the Legislature intended to punish drug possessors who intended to distribute the drugs more severely than those who intended merely to use the drugs personally. Because of the similar purposes, the Legislature apparently did not intend to punish a person more than once for a single instance of possession of a large quantity of drugs. Therefore, the sentence for one of the offenses must be vacated on the basis of legislative intent.
NOTES
[1] Intent to distribute is usually proved by possession of an amount inconsistent with personal use, but may be proved by other evidence.