475 So.2d 1057 (1985)
STATE of Louisiana
v.
Paul HOLMES.
No. 85-K-0210.
Supreme Court of Louisiana.
September 10, 1985.
*1058 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., George Ware, Jr., Dist. Atty., Alfred Butterworth, Asst. Dist. Atty., for plaintiff-respondent.
Robert Butler, Jr., Kilbourne & Dart, Jesse Means, Jr., St. Francisville, Thomas C. McKowen, IV, for defendant-applicant.
WATSON, Justice.
Defendant, Paul Holmes, poured an inflammable liquid on the bed and person of a fellow inmate, Louis Williams, and set fire to it. He was indicted by a grand jury for aggravated arson and pleaded not guilty. Pursuant to a plea bargain, he withdrew his not guilty plea and pleaded "Nolo Contendre" to simple arson.[1] In essence, the state agreed that "any other charge" based on the same criminal conduct would either be dropped or Holmes would receive no more than a concurrent sentence. His maximum punishment was to consist of three years with the Department of Corrections. Defendant was subsequently convicted of aggravated battery on the same facts. Because of the aggravated battery conviction, Holmes was adjudicated a third offender. As an habitual offender, he was sentenced to life imprisonment. The Court of Appeal affirmed the conviction and amended the sentence, making it without benefit of parole, probation or suspension of sentence. State v. Holmes, 462 So.2d 286 (La.App. 1 Cir.1984). A writ was granted. 466 So.2d 1293 (La., 1985).

ISSUE
The question is whether the prosecution for aggravated battery violated defendant's plea bargain agreement with the state.[2]

*1059 LAW
When the state promises a fixed punishment for certain criminal conduct, and defendant relies on that promise in pleading guilty, the state must fulfill its bargain. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Hingle, 242 La. 844, 139 So.2d 205 (1962); State v. Neitte, 363 So.2d 425 (La.,1978); State v. Jones, 398 So.2d 1049 (La., 1981); State v. Hayes, 423 So.2d 1111 (La.,1982); State v. Redfearn, 441 So.2d 200 (La., 1983); State v. Tanner, 425 So.2d 760 (La., 1983); and State v. Dixon, 449 So.2d 463 (La., 1984). Compare State v. Bosworth, 451 So.2d 1070 (La., 1984) and State ex rel Turner v. Maggio, 463 So.2d 1304 (La., 1985).
The "same evidence" test is used in Louisiana for determining whether offenses are the same. Rex v. Vandercomb, 168 Eng.Rep. 455 (1796); State v. Roberts, 152 La. 283, 93 So. 95 (1922); State v. Foster, 156 La. 891, 101 So. 255 (1924); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, 262 La. 364, 263 So.2d 322 (1972).

CONCLUSION
Since the aggravated arson charge was dismissed as the result of a plea bargain, it could not be resurrected against defendant. The District Attorney had promised, on the record in open court, that any other charges arising from the same incident would result in no greater penalty than a concurrent sentence.
Defendant's aggravated arson consisted of setting fire to a movable, a bed, when it was foreseeable that the life of Louis Williams might be endangered. LSA-R.S. 14:51.[3] His aggravated battery was the intentional use of force on the person of Louis Williams with a dangerous weapon, i.e., an inflammable substance set afire. LSA-R.S. 14:2(3); LSA-R.S. 14:33 and LSA-R.S. 14:34.[4]
*1060 Under Louisiana's "same evidence" test, the proof for aggravated arson, that is, setting fire to the bed and person of Louis Williams, would suffice to convict Holmes of both aggravated arson and aggravated battery. In this context, aggravated arson and aggravated battery constitute a single offense involving one course of criminal conduct. The state re-labeled defendant's offense to charge him a second time with the same criminal behavior. His prosecution for aggravated battery following the reduction of the aggravated arson charge was a clear violation of the state's plea bargain agreement.
For the foregoing reasons, the conviction of aggravated battery is reversed. The conviction and sentence as a third offender based on the conviction of aggravated battery is also reversed and the sentence vacated.[5]
CONVICTIONS REVERSED; SENTENCE VACATED.
BLANCHE, J., concurs.
LEMMON, J., concurs, agreeing that there was a violation of the plea bargain.
DENNIS, J., concurs but respectfully disagrees with the double jeopardy commentary.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Defendant pleaded nolo contendere[1] to simple arson which is defined as the intentional damaging by setting fire to any property of another. La.R.S. 14:52. He was subsequently convicted of aggravated battery on the same facts. Aggravated battery is a battery[2] with a dangerous weapon. La.R.S. 14:34. Under Blockburger, the test for double jeopardy is whether each statute requires proof of an additional element which the other does not. Simple arson requires proof of damage to "property"; aggravated battery requires proof of force or violence upon a "person." Hence, each offense requires proof of an additional element which the other does not. Moreover, the evidence required to convict for one offense would not be the same to support conviction of the other. Nor was defendant's conviction for aggravated battery based "on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial." (Emphasis added.) La.Code Crim.P. art. 596. Rather, it was a continuous course of conduct Hence, I do not consider that defendant was subject to double jeopardy in connection with his conviction for aggravated battery. Finally, any claim of a broken plea bargain should be relegated to a post-conviction evidentiary hearing.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] "DEFENSE COUNSEL: May it please the Court, I am Clayton M. Perkins, Jr., attorney for defendant. Defense is before the Court for purpose of: w/d former plea of not guilty and is ready for re-arraignment on lesser charge pursuant to a plea bargain.

"DEFENDANT WAS FORMALLY ARRAIGNED AND PLEAD Nolo Contendre.
* * * * * *
"Q. Has a plea bargain been reached in this case?
"A. Yes.
"BY THE COURT: Will counsel state the plea bargain for the record?
"DEFENSE COUNSEL: 3 years DOC & any other charge will receive no more than concurrent sentence or dropped if pleas
"BY THE COURT: Mr. District Attorney is that the plea bargain?
"DISTRICT ATTORNEY: Yes." (Transcript of Arraignment, May 10, 1983.)
[2] The double jeopardy question is pretermitted. Both the Louisiana and United States Constitutions prohibit placing a person twice in jeopardy of life or limb for the same offense. United States Constitution, Amendment 5; Louisiana Constitution of 1974, Art. 1, § 15.

LSA-C.Cr.P. art. 596 provides:
"Double jeopardy exists in a second trial only when the charge in that trial is:
"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
"(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
Separate statutory crimes need not be identical in their constituent elements or in the proof adduced to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); 1 J. Bishop, New Criminal Law, § 1051 (8th ed. 1892); Comment, Twice in Jeopardy, 75 Yale L.J. 262, 268-269 (1965); State v. Doughty, 379 So.2d 1088 (La., 1980).
The "distinct fact" test generally used by the United States Supreme Court for determining whether two offenses are the same is whether each statute requires proof of an additional element not found in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Louisiana's "same evidence" test is somewhat broader in concept than Blockburger, the central idea being that one should not be punished twice for the same course of conduct. State v. Steele, 387 So.2d 1175 (La., 1980); State v. Coody, 448 So.2d 100 (La., 1984); State v. Dubaz, 468 So.2d 554 (La., 1985).
Applying the Blockburger test, aggravated arson involves damage to property which foreseeably endangers human life. Aggravated battery consists of intentional violence to a person with a dangerous weapon. Aggravated battery does not have the element of foreseeable threat to life found in aggravated arson. Aggravated arson does not have the element of intentional violence to a person found in aggravated battery. However, the Louisiana definitions of "foreseeable", LSA-R.S. 14:2(5), and "intentional", LSA-R.S. 14:10(2), 14:11, are very similar. If a result is foreseeable, i.e., would ordinarily be anticipated, the act is intentional, i.e., the offender must have realized the result was reasonably certain. Prosecution of the two offenses would rest on proof of the same facts.
Under the federal jurisprudence, the two offenses would probably be subject to a double jeopardy plea. Successive prosecutions are sometimes barred where the second prosecution would require relitigation of the same factual issues. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Ex parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889).
[3] LSA-R.S. 14:51 provides:

"Aggravated arson is the intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable whereby it is foreseeable that human life might be endangered.
"Whoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than twenty years, and shall be fined not more than twenty-five thousand dollars. Two years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence."
[4] LSA-R.S. 14:2(3) provides:

"`Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."
LSA-R.S. 14:33 provides:
"Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another."
LSA-R.S. 14:34 provides:
"Aggravated battery is a battery committed with a dangerous weapon.
"Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both."
[5] The question of whether the court of appeal erred in amending defendant's sentence is moot.
[1] Sentence imposed upon a plea of nolle contendere is a conviction. La.Code Crim.P. art. 552.
[2] Battery is the intentional use of force or violence upon the person of another. La.R.S. 14:33.