SEXTON, Judge.
The defendant, Cedric D. Hargrove, pled guilty to misdemeanor concealment of a weapon and was sentenced to thirty days in jail. The state subsequently filed a bill of information charging Hargrove with illegal possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1 as the defendant had been convicted of aggravated rape in 1974. The defendant filed a motion to quash on the grounds of double jeopardy but was denied relief. The defendant pled guilty to attempted possession of a firearm by a convicted felon but reserved his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to fifty-four months at hard labor without benefit of parole, probation or suspension of sentence and fined $500. Defendant appeals the denial of the motion to quash based on the claim of double jeopardy. We affirm the conviction.
FACTS
Defendant, Cedric D. Hargrove, was convicted by jury trial on December 5,1974 for aggravated rape. His original death sentence was vacated, and on January 7, 1977, he was sentenced to twenty years in prison. He was released iron Angola after receiving a good time discharge on January 12, 1986. On February 26, 1987, defendant was arrested by an officer of the West Monroe Police Department on a warrant for contempt of court. At that time, defendant was found to be concealing on his person a .22 caliber pistol with eight live rounds and one spent round. The defendant, charged with carrying a concealed weapon, pled guilty to this misdemeanor offense in Ouachita Parish district court. The state subsequently discovered the aggravated rape conviction and filed the instant bill of information for possession of a firearm by a convicted felon on March 23, 1987 in the same court. The defendant filed a motion to quash, and he subsequently pled guilty reserving his right to appeal. The sole issue on appeal is the propriety of the denial of the motion to quash based upon defendant’s claim of double jeopardy.
No person shall twice be placed in jeopardy of life or liberty for the same offense. U.S. Constitutional Amendment Y; LSA-Const. Art. 1, § 15 (1974). LSA-C.Cr.P. Art. 596 provides:
Art. 596. Requirements for double jeopardy
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
As can be seen from only a slight glance at the exhaustive official revision comment to this article, the question of the definition of double jeopardy has long troubled American jurisprudence. The comment, too exhaustive to quote here, discusses at length the “same evidence” test and the “same transaction” test which were apparently thought to be the two premiere theories at the time of the adoption of the Code of Criminal Procedure in 1966. As the comment further notes, both tests had been severely criticized. The comment further notes that the redactors specifically declined to adopt or specify either test as the appropriate standard.
Difficulty determining which is the correct standard and the application thereof has also plagued Louisiana jurisprudence. As the Chief Justice pointed out in State v. Knowles, 392 So.2d 651 (La.1980), Louisi *1371 ana was then applying both the “same evidence” test and the Blockburger test. The “same evidence” test was stated as:
The “same evidence” test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if the evidence necessary to support the second indictment would have been sufficient to support the former indictment, double jeopardy prohibits the second prosecution.
State v. Knowles, supra, at 654 (citation omitted).
The Chief Justice seems to have then favored the Blockburger test, however, because he explained that test as follows:
Whether two offenses are the same for the purposes of double jeopardy is determined by the test established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):
“... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....”
State v. Knowles, supra, at 654.
Justice Watson has suggested that the “same evidence” test is broader in concept than Blockburger because “the central idea [is] that one should not be punished (or put in jeopardy) twice for the same course of conduct.” State v. Steele, 387 So.2d 1175, 1177 (La.1980). Knowles, however, of slightly later vintage than Steele, did not resolve the conflict as the Chief Justice incisively resolved the issue there in favor of the defendant based on the concept of collateral estoppel set forth in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).[1] However, he later discussed the Blockburger test in favorable terms in his concurrence to State v. Fontenot, 408 So.2d 919 (La.1982), Dixon, C.J. concurring at 921. It should be noted that Fontenot, authored by Judge-Justice Ad Hoc Garrison with two other court of appeal judges serving ad hoc, resolved the question of double jeopardy against the defendant on the basis of Blockburger. As Justices Calogero and Lemmon, who were not on the original panel, concurred in the denial of the rehearing on the basis of the concurrence of the Chief Justice, it would appear that they also favored the Blockburger test.
Judge-Justice Ad Hoc Lobrano observed in State v. Vaughn, 431 So.2d 763 (La.1983), that both the Blockburger test and the “same evidence” test were still viable at that time. However, the case was resolved in the favor of the defendant in a plurality opinion using the “same evidence” test. Justice Watson likewise resolved State v. Holmes, 475 So.2d 1057 (La.1985), also a purality opinion, in favor of the defendant on the basis of the “same evidence” test. However, Justice Dennis earlier that year used the Blockburger test to find double jeopardy in State v. Dubaz, 468 So.2d 554 (La.1985).
To our knowledge, Dubaz and Holmes, the 1985 pair, are the only Supreme Court opinions subsequent to the 1983 Vaughn (which had a panel that included three ad hoc court of appeal judges) which have dealt with double jeopardy.
The language of Holmes was subscribed to by three justices, Justice Watson (the author), the Chief Justice and Justice Calogero. Justice Blanche concurred without reasons. Justice Lemmon concurred on a basis other than double jeopardy, while Justice Dennis specifically disagreed with the double jeopardy treatment, apparently preferring his Blockburger analysis of Du-baz. Justice Marcus dissented based on Blockburger.
Dubaz was subscribed to by Justice Dennis (the author), the Chief Justice and Justices Calogero and Watson. The concurrences of Justices Blanche and Marcus *1372 were without reasons. In his concurrence, Justice Lemmon favored the Blockburger test but determined it would not avail the defendant because the “gravamen [for both offenses] is the same,” citing State v. Didier, 262 La. 364, 263 So.2d 322 (1972).
We thus confess that we are not certain which of the two tests is the appropriate one.[2] It seems clear that if the Blockburger test is the appropriate test, the instant defendant has not been subjected to double jeopardy. The elements of his initial offense, carrying a concealed weapon, are (a) concealment (b) of a dangerous weapon (c) on one’s person. The instant offense to which he urges his motion to quash is possession of a firearm by a convicted felon, the elements of which are (a) possession of a firearm (b) by a convicted felon. It is the same transaction and the same act, but the elements of the offenses are entirely different and each requires proof of different facts.
Our evaluation of the noted jurisprudence causes us to believe that a majority of the Supreme Court believes the Block-burger test is the more appropriate test, which, as we have indicated, does not avail the instant defendant.
Also, a strict application of the same evidence test would not seem to avail the defendant because the evidence that he is a convicted felon is not pertinent to the instant defendant’s original charge of carrying a concealed weapon. Additionally, the fact of the concealment is irrelevant to the defense of possession of a firearm by a convicted felon.
On the other hand, the same course of conduct is involved in both offenses. Justice Watson focused on this aspect in Steele, supra, in pointing out that the “same evidence” test is broader than the Blockburger test. Further, the initial prosecution here seems to be the “gravamen” of the second per Justice Lemmon’s evaluation of Didier, supra, in his concurrence in Dubaz, supra. Further, it should be observed that the Official Revision Comment to LSA-C.Cr.P. Art. 596 quotes with approval a comment at 65 Yale L.J. 339, 341 (1956) to the effect that the prohibition against double jeopardy is the embodiment of the concept that “no person should be punished more than once for the same offense, and that no one should be harrassed by excessive prosecutions for a single wrongful act or activity.” Thus, the author notes that one of the objectives of the concept of double jeopardy is to protect a previously accused person from “the excessive harrassment and stigma of repeated prosecutions.” In more simple terms, he points out that “no one shall be twice vexed for the same cause.”
These ideas are perhaps embodied in the results of State v. Didier, supra (by Justice Tate in 1972 using the “same evidence” test on a 4-3 vote); State v. Steele, supra (by Justice Watson using the “same evidence” test in 1980 by a 4-1-2 vote); State v. Vaughn, supra (by Justice Ad Hoc Lobrano using the “same evidence” test in 1983 on a 2-4-1 vote); and State v. Holmes, supra (by Justice Watson using the “same evidence” test in 1985 on a 3-3-1 vote), all of which found double jeopardy.
We observe that the evidence necessary to convict on the two offenses involved in each of these cases is not the same. Therefore, it seems double jeopardy should not apply. However, double jeopardy was found in each case. They are the same course of conduct and all of the evidence in the first offense would be admissible in the second as part of the res gestae. In these respects these cases cannot be distinguished from the instant offense.
The foregoing analysis considered, we determine to apply the Blockburger test. It is more logical and easier to apply. More importantly, a majority of the Supreme Court seem to favor it. As we pre *1373 viously pointed out, under this test the instant defendant has not been subjected to double jeopardy.
The defendant’s conviction is affirmed.
AFFIRMED.

. The collateral estoppel doctrine of Ashe v. Swenson simply makes it clear that where a defendant has been found not guilty in a previous trial, he may not be tried on the same general evidence in a second prosecution under another label. For example, where a defendant has been alleged to have robbed two parties at the same time.

. Justices Marcus, Dennis and Lemmon seem firmly in the Blockburger column and Justice Watson is firmly in the "same evidence” column. The Chief Justice in previous years seems to have favored the "Blockburger" test. However, he signed both Holmes and Dubaz, which were decided on the "same evidence" test and the Blockburger test, respectively, as did Justice Calogero. So far as we are aware, Justice Cole, the most recent addition to the court, is not on record on the issue.