558 So.2d 552 (1990)
STATE of Louisiana, ex rel. Thomas Lee ADAMS
v.
R. Hilton BUTLER, Warden, Louisiana State Penitentiary.
No. 89-KK-1692.
Supreme Court of Louisiana.
March 12, 1990.
William J. Guste, Jr., Atty. Gen., Bernard E. Boudreaux, Jr., Dist. Atty., Thomas C. Senette, Asst. Dist. Atty., for applicant.
Elizabeth Cole, Tulane Law School Clinic, for respondent.
MARCUS, Justice.
Thomas Lee Adams was charged in separate bills of information with armed robbery in violation of La.R.S. 14:64 and attempted first degree murder in violation of La.R.S. 14:27 and 30. During the second day of trial, defendant entered into a plea bargain agreement with the state in which he agreed to plead guilty to both offenses *553 in exchange for the assurance that the maximum sentence that could be imposed for the offense of armed robbery would be fifteen years without benefit of parole, probation or suspension of sentence. After a Boykin hearing, defendant entered a guilty plea to both offenses. After a sentencing hearing, the trial judge sentenced defendant to serve fifteen years at hard labor without benefit of parole, probation or suspension of sentence for the conviction of armed robbery and thirty years at hard labor for the conviction of attempted first degree murder. The judge expressly directed that the sentences be served concurrently.
Defendant filed an application for post conviction relief arguing that the convictions of attempted first degree murder and the underlying felony of armed robbery violated the double jeopardy clause of the federal and state constitutions.[1] U.S. Const.Amend. V; La. Const. Art. 1, § 15. The trial judge denied the requested relief. The court of appeal granted defendant's application. Finding a double jeopardy violation, the court summarily vacated the conviction and thirty-year sentence of the less severely punishable offense of attempted first degree murder, and affirmed the conviction and fifteen-year sentence of the more severely punishable offense of armed robbery. The court denied the state's application for rehearing. On the state's application, we granted certiorari to review the correctness of that decision.[2]
The facts are undisputed that defendant seriously injured the victim during the course of an armed robbery. The state concedes that the convictions for attempted first degree murder and the underlying felony of armed robbery violate double jeopardy. The proper remedy for a violation of double jeopardy is the only issue before us. The court of appeal held that the appropriate remedy for a violation of double jeopardy was to vacate the conviction and sentence for the less severely punishable offense, attempted first degree murder, and to affirm the conviction and sentence of the more severely punishable offense, armed robbery.[3] The state contends that the court of appeal, instead of affirming the sentence for the more severely punishable offense (armed robbery), should have vacated it and remanded for resentencing.
To remedy a violation of double jeopardy, this court has followed a procedure of vacating the conviction and sentence of the less severely punishable offense, and affirming the conviction and sentence of the more severely punishable offense. State v. Doughty, 379 So.2d 1088 (La.1980). In another case, this court followed the same procedure by vacating the conviction and sentence of the less severely punishable offense, but vacated the sentence of the affirmed conviction and remanded for resentencing. State v. Dubaz, 468 So.2d 554 (La.1985). Although slightly different, these procedures are consistent in that each requires the court to vacate the conviction and sentence for the less severely punishable offense. In Dubaz, the court merely added the step of vacating the sentence of the affirmed conviction and remanding for resentencing. Further, resentencing was not an option available in Doughty because of the due process concerns of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) which prevent the imposition of a sentence that is more severe than the original one.[4] The procedures of the Doughty *554 and Dubaz cases form the general rule for remedying violations of double jeopardy.
This general rule provides a clear, simple method of resolving most cases. In a case involving multiple convictions, a trial judge often imposes interdependent sentences according to a scheme of punishment for a defendant's conduct as a whole. When raising a double jeopardy claim, a defendant is effectively contesting the entire scheme of punishment. A finding that the convictions violate double jeopardy disrupts the carefully crafted, interdependent sentences imposed by the trial judge. Moreover, the United States Ninth Circuit has noted that "[t]he vacating of both sentences is particularly appropriate when ... there is not one legal and one illegal sentence. Rather, it is the coexistence of the two sentences which causes the illegality." United States v. Andersson, 813 F.2d 1450, 1462 (9th Cir.1987). The general rule, based on both Doughty and Dubaz, addresses all of these concerns and provides needed flexibility. On remand, a trial judge will be able to eliminate the double jeopardy violation and resentence a defendant in accordance with the original scheme of punishment without granting a windfall to the defendant. However, the trial judge must structure a new sentence that is no more severe than the defendant's original composite sentence in accordance with North Carolina v. Pearce. United States v. Bello, 767 F.2d 1065 (4th Cir.1985).
Although this general rule will provide a clear resolution in most cases, resentencing according to the original sentencing scheme will not be possible in all cases. Restrictions on the original sentence, such as limitations on parole, probation or suspension of sentence, may prevent the restructuring of a new sentence that is not more severe than the original one. Likewise, plea bargains conditioned on specific sentences may also prevent the restructuring of the sentence. When restructuring the sentence under the general rule is not feasible, courts should have the flexibility to implement the original sentencing scheme to the greatest extent possible. To accomplish this, courts should affirm the conviction with the more severe actual sentence, even though it may require vacating the conviction for the more severely punishable offense. The exception eliminates the double jeopardy violation and effectuates the original scheme of punishment to the greatest extent possible, without violating due process or plea bargains conditioned on specific sentences.
In the instant case, defendant entered into a plea bargain agreement with the state in which he pled guilty to both offenses in exchange for the assurance that he would receive no more than a fifteen-year sentence without benefit of parole, probation or suspension of sentence for the armed robbery conviction. The plea bargain agreement did not include any specific sentence for the attempted first degree murder conviction. The trial judge sentenced defendant to fifteen years without benefit of parole, probation or suspension of sentence for the armed robbery conviction and thirty years for the attempted first degree murder conviction. The sentences were to run concurrently. The general rule would require the court to vacate the conviction and sentence for the less severely punishable offense of attempted first degree murder, and to affirm the conviction for the more severely punishable offense of armed robbery, but to remand for resentencing. On remand, the plea bargain agreement would prevent the trial judge from imposing a sentence more severe than the original sentence of fifteen years without benefit of parole, probation or suspension of sentence for the affirmed conviction of armed robbery. Because restructuring the sentence under the general rule is not feasible in this case, the exception applies. To maintain the original scheme of punishment to the greatest extent possible, the attempted first degree murder conviction with the most severe actual sentence of thirty years should be affirmed, and the armed robbery conviction with the less severe actual sentence of fifteen years should be vacated.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed in part *555 and reversed in part. Defendant's conviction and sentence for attempted first degree murder is affirmed, and defendant's conviction and sentence for armed robbery is vacated.
NOTES
[1] Defendant's guilty pleas do not foreclose his double jeopardy challenge under United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), because the convictions for attempted first degree murder and the underlying felony of armed robbery constitute a violation of double jeopardy apparent on the face of the record.
[2] 551 So.2d 1309 (La.1989).
[3] The maximum sentence for attempted first degree murder is fifty years at hard labor, La. R.S. 14:27(D)(1), while the maximum sentence for armed robbery is ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. La.R.S. 14:64.
[4] In Doughty, defendant had been sentenced to eighteen months imprisonment on each count, sentences to run concurrently. If remanded for resentencing, the trial judge would not have been able to impose a greater sentence than that originally imposed.