572 So.2d 1161 (1990)
STATE of Louisiana
v.
Daniel J. NEVILLE.
Nos. KA 90 0307, KA 90 0308 and KA 90 0309.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Writ Denied March 8, 1991.
*1162 Mark D. Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appelleeState of La.
Anthony P. Champagne, Office of Indigent Defenders, Houma, for defendant and appellantDaniel J. Neville.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
Daniel J. Neville was charged by bill of information with armed robbery and attempted first degree murder. After initially pleading not guilty, he changed his plea and pled guilty as charged. The trial court then sentenced defendant to twenty years imprisonment at hard labor on the attempted first degree murder count and fifteen *1163 years at hard labor on the armed robbery count, to be served consecutively. Defendant did not appeal his convictions. Eventually, he filed an application for a writ of habeas corpus in federal court, alleging his prosecution in state court for both armed robbery and attempted first degree murder violated the principles governing double jeopardy.
The federal court found merit in defendant's claim and ordered that the writ be issued unless the state vacated one of the convictions and resentenced defendant. Neville v. Butler, 867 F.2d 886, 890-91 (5th Cir.1989). In response to the federal court ruling, the state dismissed the armed robbery count.[1] The court resentenced defendant to thirty-four years imprisonment in the state penitentiary on the attempted first degree murder count. Defendant has appealed, urging in a single assignment of error that the trial court erred in increasing defendant's sentence on the attempted first degree murder charge from twenty to thirty-four years.
The facts of the offense defendant committed were not fully developed because defendant pled guilty. The record reveals that, on the morning of July 4, 1981, defendant entered Mack's Lounge on Howard Avenue in Houma. Using a gun which he had stolen from his mother, defendant robbed two of the bar's employees, Joyce Bourg and Helen Capitano. After stealing money from the women, defendant shot Ms. Capitano in the leg; and she returned fire. In count 1, the state charged defendant with the armed robbery of Joyce Bourg and Helen Capitano. In count 2, the state charged defendant with the attempted first degree murder of Ms. Capitano.

RESENTENCING
Defendant argues that when the trial court resentenced him on the attempted first degree murder count, it erred in increasing defendant's sentence from the original sentence of twenty years to a new sentence of thirty-four years. Defendant points to specific language used by the trial court and contends this language shows the trial court was vindictive when it resentenced defendant. The state responds that there are no constitutional problems with the sentence because defendant's final sentence was one year less than the total original sentence for all the charges defendant was convicted of initially.
When the federal Fifth Circuit ordered that the writ of habeas corpus be granted, it instructed the state court to resentence defendant in conformity with the requirements of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In Pearce, the United States Supreme Court held that if a state provides for the right of appeal in a criminal case, "[d]ue process of law, then, requires that vindictiveness against a defendant for having *1164 successfully attacked his first conviction must play no part in the sentence he receives after a new trial.... [It also] requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." Id. at 725, 89 S.Ct. at 2080 (footnote omitted). In Pearce, the defendant was successful in securing the reversal of his conviction after his first trial. After a conviction on retrial, the defendant was sentenced to an amount longer than that originally imposed. The Court concluded that because no reasons were given for the increase, due process was violated. Id. at 726, 89 S.Ct. at 2081. The Court held that in order to ensure the sentencing court does not have a vindictive motivation when it imposes a more severe sentence after a new trial, the court's reasons for the increased sentence must appear in the record. "Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purposea presumption that must be rebutted by `objective information ... justifying the increased sentence.'" Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989) (quoting Texas v. McCullough, 475 U.S. 134, 142, 106 S.Ct. 976, 981, 89 L.Ed.2d 104 (1986)).[2] The Louisiana Supreme Court has not been hesitant to remand for resentencing when a Pearce violation has occurred. See, State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971).
While Pearce provides guidance in the instant case, it does not resolve the issue before this Court, which is whether or not a presumption of vindictiveness occurs when a judge resentences a defendant to the same or similar total amount of time after one of two counts has been dismissed because of a double jeopardy violation. Recently, the Louisiana Supreme Court, in dictum, provided some indication of the direction it would take if faced with this issue. In State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990), the Court resolved the issue of the proper remedy for a double jeopardy violation. The Court reiterated that the general rule for resolving double jeopardy violations which occur in the same or related bills of information is to vacate the conviction and sentence of the less severely punishable offense and to affirm the conviction and sentence of the more severely punishable offense. Id. at 553 (citing State v. Doughty, 379 So.2d 1088 (La. 1980)). If resentencing is an option under Pearce, then the sentence for the affirmed conviction should be vacated and the case remanded for resentencing. Id. (citing State v. Dubaz, 468 So.2d 554 (La.1985)).[3] Of relevance to the instant case is the Court's explanation of how the trial court should resentence the defendant when the general rule is followed:
In a case involving multiple convictions, a trial judge often imposes interdependent sentences according to a scheme of punishment for a defendant's conduct as a whole. When raising a double jeopardy claim, a defendant is effectively contesting the entire scheme of punishment. A finding that the convictions violate double jeopardy disrupts the carefully crafted, interdependent sentences imposed by the trial judge. Moreover, the United States Ninth Circuit has noted that "[t]he vacating of both sentences is particularly appropriate when ... there is not one legal and one illegal sentence. Rather, it is the coexistence of the two sentences which causes the illegality." United States v. Andersson, 813 F.2d *1165 1450, 1462 (9th Cir.1987). The general rule, based on both Doughty and Dubaz, addresses all of these concerns and provides needed flexibility. On remand, a trial judge will be able to eliminate the double jeopardy violation and resentence a defendant in accordance with the original scheme of punishment without granting a windfall to the defendant. However, the trial judge must structure a new sentence that is no more severe than the defendant's original composite sentence in accordance with North Carolina v. Pearce. United States v. Bello, 767 F.2d 1065 (4th Cir.1985).
Id. at 554 (emphasis added).[4] In United States v. Bello, 767 F.2d 1065 (4th Cir. 1985), a case relied upon by the Louisiana Supreme Court at the end of the above quote, the federal appellate court agreed with decisions from other federal circuits which had found that a due process violation did not exist when, after dismissing a count because of a double jeopardy violation between that count and a surviving count, the trial court increases the defendant's sentence on the remaining count, without giving specific reasons, in an effort to effectuate the sentencing judge's original intent. The court explained:
We do not perceive how a defendant can have a reasonable expectation of finality in a sentence for an offense where the defendant appeals the convictions on other offenses as lesser included offenses. It would often be a windfall for the defendant to have a reduced sentence after such an appeal, in view of the fact that the defendant remains convicted of the same conduct for which the original sentencing package was imposed.
Id. at 1070. Accord United States v. Vontsteen, 910 F.2d 187 (5th Cir.1990); United States v. Cataldo, 832 F.2d 869 (5th Cir.1987), cert. denied, 485 U.S. 1022, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988).
In accordance with the above authority, we hold that the Pearce presumption of vindictiveness does not apply in the instant case.[5] Thus, it was incumbent upon defendant to prove actual vindictiveness. Alabama v. Smith, 109 S.Ct. at 2205.
A review of the record shows that the judge who resentenced defendant was not vindictive. While the judge expressed disagreement with the federal court's ruling, he stated that he was not being vindictive. He reminded counsel that he was not the original sentencing judge and that he had never seen defendant before. See Texas v. McCullough, 475 U.S. 134, 140, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986) (the Pearce presumption generally does not apply where different "sentencers" assess the sentences). The judge also explained that it was his intent to impose a sentence which would be consistent with the original sentencing judge's intent that defendant serve thirty-five years. Defendant initially was sentenced to twenty and fifteen years consecutively. The thirty-four year sentence he received on resentencing is "in *1166 accordance with the original scheme of punishment" and is "no more severe than the defendant's original composite sentence." State ex rel. Adams, 558 So.2d at 554. Thus, due process was not violated and defendant's claim is without merit.
Defendant also complains that the trial court did not receive evidence on defendant's record and conduct which has occurred since the initial sentencing and that the trial court gave no objective reasons for the increase in sentence. Although defendant's attorney mentioned at the resentencing the part of Pearce which requires the sentencing judge to state his reasons for the increase and to consider defendant's conduct since the time of the initial sentencing, at no time did defendant attempt to offer any evidence as to his conduct or object to the court's actions in this respect. Thus, defendant is not arguing the court refused to accept this evidence or refused to give reasons but merely that the trial court did not solicit evidence concerning defendant's conduct which occurred since the initial sentencing. Because we hold that the Pearce presumption did not apply, it was not essential that the court in this case consider defendant's intervening conduct or state any reasons other than as necessary to comply with La.C.Cr.P. art. 894.1, which the court did. See Vontsteen, 910 F.2d at 192-194.
CONVICTION AND SENTENCE AFFIRMED IN KA 90 0307. APPEALS DISMISSED IN 90 0308 AND KA 90 0309.
NOTES
[1] In addition to dismissing the armed robbery count, the state dismissed two unrelated bills, apparently in the mistaken view that the federal order required it. Defendant had been charged separately with attempted armed robbery and armed robbery. Defendant pled guilty to these two bills at the same time he pled to the instant charges. At the original sentencing, the trial court imposed concurrent fifteen year terms for these two charges. Because these two additional robberies occurred on different dates and involved different victims, they were not attacked in defendant's double jeopardy complaint in federal court. However, after defendant was resentenced on the attempted first degree murder charge, the state orally dismissed both of these bills.

Because the state dismissed these two bills after the sentence and with no order issued pursuant to the granting of post-conviction or appellate relief, patent error probably occurred. See La. C.Cr.P. art. 692. See also State v. Perry, 116 La. 231, 40 So. 686, 687 (1906); State v. Hoyal, 516 So.2d 146, 149 (La.App. 5th Cir.1987) (court allows dismissal after conviction but before sentencing, in spite of article 692, provided the trial court consents). But see State v. Knight, 526 So.2d 452, 455 (La.App. 5th Cir.1988) (court implies that a dismissal even after sentencing is authorized provided the trial court agrees). Even if we were to find this action to be patent error under article 692, because the error is in defendant's favor we would not be able to correct the error on appeal. See State v. Fraser, 484 So.2d 122, 125 (La.1986). In any event, it is unnecessary for this Court to resolve the issue. The two cases were dismissed; and, therefore, defendant had nothing to appeal. See La.C. Cr.P. art. 912(A). Thus, the trial court's order granting an appeal in all three district court files was in error. Accordingly, we dismiss the appeals lodged under KA 90 0308 and KA 90 0309.
[2] Pearce actually involved two cases. In Pearce, the defendant was found guilty both times after a trial. In a case decided along with Pearce, Simpson v. Rice, the defendant initially pled guilty, was successful in getting the plea set aside, and then was found guilty after a trial. The Supreme Court reached the same result in both cases in the Pearce holding. However, recently the Court overruled Simpson v. Rice and held that "no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial." Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 2202, 104 L.Ed.2d 865 (1989). In Alabama v. Smith, the Court let stand that part of Pearce which is cited in the instant case.
[3] The Court explained that resentencing was not an option in Doughty because the defendant had received concurrent sentences on each count, noting "If remanded for resentencing, the trial judge would not have been able to impose a greater sentence than that originally imposed." State ex rel. Adams v. Butler, 558 So.2d at 553 n. 4.
[4] The actual holding for the Court was to establish an exception to the general rule which was established in Doughty and Dubaz:

Although this general rule will provide a clear resolution in most cases, resentencing according to the original sentencing scheme will not be possible in all cases. Restrictions on the original sentence, such as limitations on parole, probation or suspension of sentence, may prevent the restructuring of a new sentence that is not more severe than the original one. Likewise, plea bargains conditioned on specific sentences may also prevent the restructuring of the sentence. When restructuring the sentence under the general rule is not feasible, courts should have the flexibility to implement the original sentencing scheme to the greatest extent possible. To accomplish this, courts should affirm the conviction with the more severe actual sentence, even though it may require vacating the conviction for the more severely punishable offense. The exception eliminates the double jeopardy violation and effectuates the original scheme of punishment to the greatest extent possible, without violating due process or plea bargains conditioned on specific sentences.
State ex rel. Adams v. Butler, 558 So.2d at 554.
[5] As the United States Supreme Court has recognized, the Pearce presumption is restricted to circumstances "in which there is a `reasonable likelihood' ... that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Alabama v. Smith, 109 S.Ct. at 2205 (citations omitted). Where the court "merely impose[s] the same sentence for the same conduct," the sentence has not been increased and the Pearce presumption is inapplicable. Cataldo, 832 F.2d at 875.