MARVIN, Chief Judge.
After PCR rulings in the trial court and in this appeal of a sentence imposed to correct a double jeopardy problem arising out of defendant’s original bargained-for plea and concurrent sentences in 1987 to attempted murder and to armed robbery, the defendant contends his 1990 sentence to 25 years at hard labor for attempted first degree murder is contrary to State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990).
We disagree with defendant’s contention and affirm the sentence.
FACTS
In 1987 defendant bargained to plead guilty for concurrent hard-labor sentences of 25 years for attempted murder I and of 12 years without benefit of probation, parole, or suspension for the armed robbery. The attempted murder arose out of the armed robbery.
Adams, supra, summarizing federal and state case law, suggested how trial courts should remedy double jeopardy violations arising out of the felony-murder or felony-attempted murder convictions. As we understand Adams, the general rule, where *1212 resentencing is available, is to vacate both “interdependent” sentences and restructure a “new” sentence “that is no more severe than the defendant’s original composite sentence.” Where resentencing is not available, as in State v. Doughty, 379 So.2d 1088 (La.1980), the general rule is to vacate the conviction and the sentence of the less severely punishable offense.
Adams recognized that restructuring of the sentences sometimes may not be feasible because of statutory restrictions on the original sentence (without parole, etc.) and specific plea bargains. In such cases, the court said that the trial court should affirm the more severe actual sentence, even though it may require vacating the conviction for the more severely punishable offense. This “exception,” as the court called it, effectuates the original scheme of punishment to the greatest extent possible. 558 So.2d at p. 554.
Adams agreed to plead to armed robbery and attempted murder I for concurrent hard-labor sentences, further limiting to not more than 15 years without benefit of parole, probation, or suspension, the sentence agreed to for the armed robbery. After being originally sentenced to the agreed sentence for armed robbery and to 30 years for attempted murder, Adams’ sentences were set aside and he was sentenced to 30 years for attempted murder. Adams then complained that he should have been sentenced for the more severely punishable offense of armed robbery or 12 years without parole, probation, or suspension. Noting that restructuring of the original sentences was not feasible, the court said
... the exception applies. To maintain the original scheme of punishment as much as possible, the attempted first degree murder conviction with the most severe actual sentence of thirty years should be affirmed, and the armed robbery conviction with the less severe actual sentence of fifteen years should be vacated.
Notwithstanding that the attempted murder arose out of the armed robbery and that the trial court openly speculated about defendant’s ability to make parole after serving one-third of the 25 year sentence for attempted murder, the Adams exception was correctly applied, because, as in Adams, “restructuring the sentence under the general rule [was] not feasible” in the face of the plea bargain based on specific concurrent sentences.
DECREE
The “most severe actual” sentence, which is complained of, is AFFIRMED.