982 So.2d 172 (2008)
STATE of Louisiana
v.
Ronald J. MORGAN.
No. 07-KA-943.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Andrea F. Long, Appellate Counsel, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson Gretna, LA, for Appellee, State of Louisiana.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, LA, for Appellant, Ronald J. Morgan.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
This is defendant's second appeal. On first appeal, this Court affirmed defendant's convictions for forcible rape and aggravated incest and the finding that defendant was a third felony offender. State v. Morgan, 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199.[1] This Court *173 found a patent error in defendant's sentences, which were imposed despite defendant's outstanding motion for new trial,[2] vacated the sentences, and remanded for further proceedings.[3]
On February 28, 2007, the trial judge resentenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, and on Count 2, aggravated incest, to imprisonment at hard labor for 10 years, with both sentences to run concurrently. Defendant filed a motion for appeal on March 1, 2007, which was granted.
On June 6, 2007, the trial judge vacated the original sentences and resentenced defendant as a third felony offender to a term of 40 years to be served without benefit of parole, probation, or suspension of sentence on both counts to run concurrently. Defendant filed another motion for appeal on June 11, 2007, which was granted.
In our first opinion, this Court vacated defendant's sentences and remanded the case to the trial court for a ruling on defendant's outstanding counseled motion for new trial. Id., 06-529 at 11, 25, 948 So.2d at 206-07, 215. The trial judge, however, resentenced defendant, and then three months later, ruled on defendant's pro se motion for new trial.
In light of the foregoing, we again vacate defendant's sentences and remand for a ruling on the outstanding counseled motion for new trial filed on June 27, 2005 entitled "Motion for New Trial with Facts and Memorandum of Law."[4] If the trial judge denies the motion and subsequently resentences defendant, we reserve defendant's right to appeal an adverse judgment with respect to his sentencing. See State v. Lewis, 04-1074, pp. 12-13 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, 301-02, writ denied, 05-2382 (La.3/31/06), 925 So.2d 1257.
SENTENCES VACATED; MATTER REMANDED.
NOTES
[1] The facts of this matter were recited in our first opinion at State v. Morgan, supra, 06-529 at 3-11, 948 So.2d at 202-06. The facts will not be repeated herein. Further, neither rehearing nor writs of certiorari were sought; thus, our judgment with respect to defendant's convictions and multiple offender adjudication is final.
[2] La.C.Cr.P. art. 853 provides that motions for new trial must be filed and disposed of before sentencing. State v. Lewis, 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, 301-02, writ denied, 05-2382 (La.3/31/06), 925 So.2d 1257.
[3] This Court also found that the trial court failed to give defendant notice of the registration requirements for sex offenders and child predators and failed to inform defendant of the prescriptive period for filing post-conviction relief and ordered the trial court to give defendant written notice of them. It is noted that, on remand, the trial court correctly notified defendant of these requirements.
[4] In his motion for new trial, defense counsel argued that a rational trier of fact should not have found the defendant guilty based upon the evidence presented by the State, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). He further argued that the trial court should not have found the defendant guilty of any crime.