CLARENCE E. McMANUS, Judge.
 

 | ;>This is defendant’s third appeal. In this appeal, he argues the trial court erred in resentencing him on remand and erred in denying his motion to reconsider sentence. For the reasons which follow, we vacate defendant’s sentences and remand for resentencing.
 

 STATEMENT OF THE CASE
 

 In defendant’s first appeal, this Court affirmed defendant’s convictions for forcible rape and aggravated incest and the finding that defendant was a third felony offender.
 
 State v. Morgan,
 
 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199. This Court vacated defendant’s sentences and remanded the case to the trial court for a ruling on defendant’s outstanding counseled motion for new trial.
 
 [1]
 

 Id.,
 
 06-529 at 25, 948 So.2d at 206-07, 215.
 

 On remand, the trial judge resentenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, and on Count 2, aggravated incest, to imprisonment at hard labor for 10 years, with
 
 *1028
 
 both sentences to run concurrently. 3State
 
 v. Morgan,
 
 07-943, p. 2 (La.App. 5 Cir. 3/11/08), 982 So.2d 172, 173. Three months later, the trial judge, Judge Robert Burns, denied defendant’s pro se motion for new trial after a hearing. One week later, Judge Burns vacated the original sentences and resentenced defendant as a third felony offender to a term of 40 years to be served without benefit of parole, probation, or suspension of sentence on both counts to run concurrently.
 
 State v. Morgan,
 
 07-943 at 2-3, 982 So.2d at 173.
 

 In the second appeal, this Court again vacated defendant’s sentences and remanded for a ruling on the outstanding counseled motion for new trial, since the trial court erroneously ruled on defendant’s pro se motion for new trial, which had already been denied, instead of his outstanding counseled motion for new trial three months after sentencing.
 
 State v. Morgan,
 
 07-943 at 3, 982 So.2d at 173. This Court stated that, if the trial judge denied the motion and subsequently resen-tenced defendant, it reserved defendant’s right to appeal an adverse judgment with respect to his sentencing.
 
 Id.
 

 On remand, the trial judge, Judge Donald Rowan, denied defendant’s motion for new trial after a hearing on October 3, 2008. Afterwards, the trial judge resen-tenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, with “at least two” years to be served without benefit of parole, probation, or suspension of sentence, and on Count 2, aggravated incest, to imprisonment at hard labor for ten years, with Count 1 to run consecutively with Count 2. The trial judge then vacated the original sentence and re-sentenced defendant as a third felony offender on Count 1 to imprisonment at hard labor for 40 years without benefit of parole or suspension of sentence and on Count 2 to imprisonment at hard labor for 10 years “without benefits,” with the sentences on Lboth counts to run consecutively. Defendant filed a motion to reconsider sentence that was denied.
 

 Defendant now timely appeals his sentence and the trial court’s ruling on his motion to reconsider sentence. On appeal, defendant alleges three assignments of error: 1) the trial court erred by increasing his sentence following his successful appeal without cause for doing so, 2) the trial court erred by imposing a sentence inconsistent with the sentence requirements of La. R.S. 15:529.1, and 3) the trial court erred by denying his motion to reconsider sentence without appai’ent consideration of its merits. For the reasons which follow, we vacate defendant’s enhanced sentence and remand for resentencing.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 By this assignment of error, defendant argues that the trial judge erred by increasing his sentence without justification following his successful appeal. He contends that vindictiveness must reasonably be inferred from the record and, therefore, the case should be remanded for resentencing. The State responds that the trial judge has great discretion in imposing sentence and that defendant has not met his burden of proving actual vindictiveness relative to his sentencing.
 

 Generally, if a convicted defendant is successful in having his conviction overturned on appeal, and is subsequently re-tried and convicted, the trial judge may not then impose a more severe sentence.
 
 State v. Dauzart,
 
 07-15, p. 9 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, 1086,
 
 citing North Carolina v. Pearce,
 
 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969),
 
 overruled in part by Alabama v. Smith,
 
 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). If a judge imposes a more severe sentence on a defendant when he is con
 
 *1029
 
 victed following a successful appeal, the trial judge’s reasons for the increased sentence must affirmatively appear in the record. Otherwise, there is a presumption of vindictiveness. The |5purpose behind this rule is to prevent defendants from being penalized for having exercised their constitutional rights.
 
 State v. Fletcher,
 
 03-60, p. 7 (La.App. 5 Cir. 4/29/03), 845 So.2d 1213, 1218-19,
 
 citing North Carolina v. Pearce, supra.
 

 However, the presumption of vindictiveness is inapplicable where different judges have imposed the different sentences against the defendant, because a sentence “increase” cannot truly be said to have taken place.
 
 State v. Dauzart,
 
 07-15 at 9, 960 So.2d at 1086,
 
 citing Texas v. McCullough,
 
 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104. Where the presumption does not apply, the defendant may still be entitled to relief, but he must affirmatively prove actual vindictiveness.
 
 State v. Dauzart,
 
 07-15 at 9, 960 So.2d at 1086
 
 citing Wasman v. U.S.,
 
 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) and
 
 State v. Rodriguez,
 
 550 So.2d 837 (La.App. 2 Cir.1989).
 

 In this case, the judge who resentenced defendant the third time on October 3, 2008, Judge Rowan, was not the same judge who presided over defendant’s trial and imposed sentence and who subsequently resentencecl him the first time, Judge Cusimano, nor was it the same judge who resentenced defendant a second time, Judge Burns. Accordingly, defendant is not entitled to the presumption of vindictiveness, but bears the burden of affirmatively showing same.
 
 Dauzart, supra.
 
 Thus, the issue we must decide is whether defendant has proven vindictiveness on the part of the sentencing judge.
 

 In
 
 State v. Dauzart, supra,
 
 defendant argued that his enhanced sentence was vindictive. In that case, defendant was convicted of two counts of armed robbery and sentenced to 60 years at hard labor on each count to run concurrently. The supreme court reversed defendant’s convictions. A second trial was held, and the jury found defendant guilty of one count of armed robbery. The trial judge sentenced defendant to 50 years at hard labor. Defendant was then found to be a | fithird felony offender. The original sentence was vacated and defendant was sentenced to life imprisonment. On appeal, this Court affirmed the conviction but vacated the multiple offender adjudication and sentence and remanded. The trial court resentenced defendant as a second felony offender to 100 years at hard labor. As a result, defendant’s sentence of 100 years was increased 40 years from his original sentence.
 
 Id.,
 
 07-15 at 2-3, 960 So.2d at 1082-83.
 

 The
 
 Dauzart
 
 court noted that the judge who presided over defendant’s first trial and imposed sentence was not the same judge who presided over the retrial and the multiple bill hearing. As such, this Court found that defendant was not entitled to the presumption of vindictiveness, but bore the burden of affirmatively showing same. Defendant argued that the trial court’s failure to articulate why the sentence was increased was sufficient to show vindictiveness. However, this Court found that the increased sentence alone was not sufficient to show vindictiveness, since defendant’s harsher sentence was a result of his multiple offender adjudication. Therefore, this Court concluded that defendant failed to bear his burden of affirmatively proving vindictiveness on the part of the trial judge in resentencing.
 
 State v. Dauzart,
 
 07-15 at 10, 960 So.2d at 1086.
 

 In
 
 State v. Rodriguez, supra,
 
 defendant was charged with armed robbery and, pursuant to a plea agreement, pled guilty to first degree robbery. The trial court sentenced him to 12 years at hard labor.
 
 *1030
 
 Although this sentence was affirmed on appeal, the supreme court granted defendant’s post-conviction relief application, and defendant was resentenced by a different judge to 20 years at hard labor. On appeal, defendant ai'gued that the trial court impermissibly imposed an increased sentence upon him in contravention of
 
 North Carolina v. Pearce,
 
 and he also alleged a judicial vendetta against him. The appellate court stated that the presumption of vindictiveness was inapplicable because different sentencers |7imposed the different sentences. It noted that the trial judge who resentenced defendant had new, objective information regarding defendant’s prior criminal record upon which to base an increased sentence that was not available to the first sentencing judge. As such, the appellate court found that the trial court’s reasons for imposing sentence were sufficient to overcome any presumption of vindictiveness.
 
 Id.,
 
 550 So.2d at 837-41.
 

 In
 
 State v. Neville,
 
 572 So.2d 1161 (La.App. 1 Cir.1990),
 
 writ denied,
 
 576 So.2d 46 (La.1991), defendant pled guilty to armed robbery and attempted first degree murder and was sentenced to imprisonment for 15 and 20 years respectively to be served consecutively. The federal court found a double jeopardy violation, so the State dismissed the armed robbery count. The court resentenced defendant to 34 years imprisonment, and defendant appealed, arguing that the trial judge erred by increasing his sentence on the attempted first degree murder charge from 20 to 34 years. He also argued that the trial judge was vindictive. The appellate court held that the
 
 Pearce
 
 presumption of vindictiveness did not apply and, therefore, it was incumbent upon defendant to prove actual vindictiveness. After reviewing the record, the appellate court found that the judge who resentenced defendant was not vindictive, noting that the judge had explained that it was his intent to impose a sentence consistent with the original sentencing judge’s intent that defendant serve 35 years. The appellate court also held that, because the
 
 Pearce
 
 presumption did not apply, it was not essential that the court consider defendant’s intervening conduct or state any reasons other than as necessary to comply with LSA-C.Cr.P. art. 894.1, which the court did.
 
 Id.,
 
 572 So.2d at 1162-66.
 

 Dauzart, Rodriguez,
 
 and
 
 Neville
 
 are distinguishable from the instant case. The instant case, unlike
 
 Dauzart,
 
 did not involve a multiple offender adjudication, but rather, a remand for resentencing. As Judge Daley noted in his concurring Isopinion in
 
 Dauzart,
 
 the filing of a multiple bill and enhancement pursuant to multiple bill proceedings creates a basis for enhancement other than vindictiveness against defendant’s appellate rights.
 
 State v. Dauzart,
 
 07-15 at 18, 960 So.2d at 1090-91. Also, the trial judge in the instant case, unlike the trial judge in
 
 Rodriguez,
 
 did not have new, objective information upon which to base the increased sentence. Finally, the instant case, unlike
 
 Neville,
 
 did not involve a situation where a different judge sentences defendant after one count has been dismissed after a double jeopardy violation. Because neither
 
 Dau-zart, Rodriguez,
 
 nor
 
 Neville
 
 are directly on point, we have reviewed cases from other jurisdictions.
 

 In
 
 State v. Garrett,
 
 08-1752 (Ohio App. 2 Dist. 4/11/08), 2008 WL 1115246, the appellate court concluded that vindictiveness had been established. Garrett was convicted of five counts of aggravated robbery and 10 counts of kidnapping and sentenced to a total term of 39 years. The supreme court remanded the matter to the trial court for resentencing, and defendant was resentenced by a different judge to a total term of 53 years. On appeal, defendant argued that she was deprived of her con
 
 *1031
 
 stitutional rights when the resentencing court imposed a harsher sentence upon remand. The appellate court concluded that vindictiveness had been established because: (1) there was a complete absence in the record of any relevant facts subsequent to Garrett’s first sentencing to suggest a harsher sentence was warranted; (2) although the judge referenced the serious nature of the offenses, those facts had not changed since Garrett was originally sentenced; (3) the length of the increase was a substantial 14 years; (4) the trial judge’s comment that there was nothing stopping the defendant from getting more time than she got before indicated that the increased sentence was imposed merely because the judge concluded he had the unbridled discretion to impose it; and (5) the State did not recommend any increase in sentence. With nothing before them beyond an |9assertion by the trial judge of a ‘ “naked power to impose” ’ a harsher sentence, the appellate court inferred a personal animus against Garrett. As such, the appellate court reversed the judgment of the sentencing court and modified Garrett’s sentence to a total term of 39 years.
 
 Id.,
 
 pp. 3-7.
 

 In
 
 U.S. v. Anderson,
 
 440 F.3d 1013 (8th Cir.2006), cited by the State in its brief, the federal appellate court concluded that vindictiveness had not been established. In Anderson, the defendant was convicted of 49 counts of mail fraud and money laundering, among other things, and sentenced. The appellate court affirmed the convictions but remanded for resentencing. Defendant was subsequently resentenced by a different judge to an increased sentence. On appeal, defendant argued that the higher sentence was an impermissible, vindictive sentence intended to punish him for having exercised his right to appeal. The appellate court did not recognize a presumption of vindictiveness since there were different senteneers, and it found that defendant bore the burden of proving actual vindictiveness. The appellate court stated that, because defendant relied on no evidence other than the fact of the longer sentence to prove vindictiveness, his argument failed. The appellate court found that the higher sentence on remand was easily explained by the district court’s views unrelated to the prior appeal. Id., 440 F.3d at 1013-17.
 

 In the instant case, as in
 
 Garrett, supra,
 
 there was a complete absence in the record of any relevant facts subsequent to defendant’s first sentencing to suggest a harsher sentence. In
 
 Garrett,
 
 the increase in defendant’s sentence was fourteen years. In this case, defendant’s sentence was increased by ten years since the enhanced sentences on each count were ordered to run consecutively, instead of concurrently. As in Garrett, the increase in the defendant’s sentence in this case was substantial. Also, similar to
 
 Garrett,
 
 the trial judge in the instant case made a | mcomment indicating that the sentence was being imposed merely because he concluded he had the unbridled discretion to impose it. In the instant ease, the trial judge resentenced defendant, after which defense counsel objected to the sentences, noting that they were harsher than those originally imposed. Afterwards, the trial judge stated, “Well, I’m the sentencing judge, and that’s what my sentence is.” Additionally, in the instant case, as in
 
 Garrett,
 
 the record does not indicate that the State recommended any increase in sentence. And, unlike
 
 Neville
 
 and
 
 U.S. v. Andersmt,
 
 the trial judge in the instant case did not provide reasons for his sentence.
 

 We note it is possible, based on the record, that the trial judge may not have had a personal animus against defendant, but rather, he may have thought concurrent sentences were too lenient considering the disturbing facts of this case, that
 
 *1032
 
 defendant raped his own biological daughter numerous times over a period of years. However, since the trial court did not provide reasons for the increased sentence on remand after appeal, we vacate defendant’s enhanced sentence and remand this matter to the trial court for resentencing with orders that the trial court provide reasons for the sentence imposed.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 Defendant argues that the trial court erred by denying him parole eligibility for the duration of the enhanced sentence and by neglecting to specify that the sentence be served without eligibility for probation. As such, defendant argues that the sentence is illegal under LSA-R.S. 15:529.1 G and should be remanded for the imposition of a legal sentence. The State responds that the trial judge correctly denied parole eligibility based on the restrictions prescribed by the underlying statute.
 

 |uThe transcript indicates that, after vacating the original sentence, the trial judge resentenced defendant under the multiple bill statute on Count 1, forcible rape, to imprisonment at hard labor for 40 years without benefit of parole or suspension of sentence and on Count 2, aggravated incest, to imprisonment at hard labor for 10 years “without benefits,” with the sentences on both counts to run consecutively. The commitment reflects that the trial judge ordered the sentence on Count 1 to be served without benefit of parole, probation, or suspension of sentence, and it did not reflect that Count 2 was to be served “without benefits.” The transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 LSA-R.S. 15:529.1 G provides that multiple bill sentences are to be served without benefit of jorobation or suspension of sentence. Therefore, the trial judge erred by not stating that the enhanced sentence on Count 1 was to be served without probation.
 

 Further, the restrictions on parole eligibility imposed on habitual offender sentences under LSA-R.S. 15:529.1 “are those called for in the reference statute.”
 
 State v. King,
 
 05-553, p. 15 (La.App. 5 Cir. 1/31/06), 922 So.2d 1207, 1215,
 
 writ denied,
 
 06-1084 (La.11/9/06), 941 So.2d 36. In this case, the underlying or reference statute, LSA-R.S. 14:42.1 B, provided at the time defendant committed the crimes that at least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. Therefore, we find the trial judge did not err by imposing the enhanced sentence on Count 1 without benefit of parole.
 

 However, no action by this Court is necessary to correct any error pursuant to LSA-R.S. 15:529.1 G because we vacate defendant’s sentence and remand this matter to the trial court for resentencing, in accordance with the above discussion concerning Assignment of Error Number One.
 

 |
 
 ^ASSIGNMENT OF ERROR NUMBER THREE
 

 In assignment of error number three, the defendant argues that the trial judge erred by denying his motion to reconsider sentence without apparent consideration of its merits. The State responds that the trial judge considered the motion and concluded that it did not warrant the relief requested.
 

 LSA-C.Cr.P. art. 881.1 A(l) provides that, in felony cases, within 30 days following the imposition of sentence or within such longer period as the trial court may set at sentence, the State or the defendant may make or file a motion to reconsider sentence. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific
 
 *1033
 
 grounds on which the motion is based. LSA-C.Cr.P. art. 881.1 B.
 

 The record reflects that, on October 3, 2008, the sentencing judge imposed the enhanced sentence, after which defendant orally noted his objection to that sentence as being excessive. Defendant subsequently filed a timely pro se motion to reconsider sentence on October 21, 2008. On October 28, 2008, the trial judge denied the motion without a hearing, stating, “By law, he is not entitled to reconsideration of sentence. The court finds no illegality in the defendant’s sentence, as the sentence is in accordance with the law. Defendant is not entitled to the relief sought.”
 

 In light of the trial judge’s statement that, “By law, he is not entitled to reconsideration of sentence,” it appears that the trial judge was under the mistaken impression that defendant was not entitled to reconsideration of his sentence. As defendant noted in his brief, the motion to reconsider sentence was timely filed under LSA-C.Cr.P. art. 881.1. Also, as defendant noted in his brief, this Court, |1supon its remand, specifically reserved to defendant his right to appeal an adverse judgment with respect to his sentencing.
 
 State v. Morgan,
 
 07-943 at 3, 982 So.2d at 173. Therefore, we vacate the trial court’s order and remand this matter to the trial court. Since we have also vacated defendant’s sentence and remanded for l’esentencing, we order the trial court to consider defendant’s motion to reconsider sentence, if reurged after resentencing.
 

 ERROR PATENT REVIEW
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals several errors patent in this case.
 

 First, there is a discrepancy between the transcript and the commitment. The transcript indicates that, after vacating the original sentence, the trial judge resentenced defendant under the multiple bill statute on Count 2, aggravated incest, to imprisonment at hard labor for 10 years “without benefits.” However, the commitment does not reflect that Count 2 was to be served “without benefits.” The transcript prevails.
 
 State v. Lynch, supra.
 

 LSA-R.S. 15:529.1 G provides that multiple bill sentences are to be served without benefit of probation or suspension of sentence. Therefore, the trial judge erred by stating that the enhanced sentence on Count 2, aggravated incest, was to be served “without benefits”. The trial court should have stated that the sentence was to be served without benefit of probation or suspension of sentence.
 

 Finally, we find the enhanced sentence on Count 2 is illegally lenient. After the trial judge vacated the original sentence, he resentenced defendant as a third felony offender on Count 1, forcible rape, to imprisonment at hard labor for 40 years without benefit of parole or suspension of sentence and on Count 2, | ^aggravated incest, to imprisonment at hard labor for 10 years “without benefits,” with the sentences on both counts to run consecutively.
 

 LSA-R.S. 15:529.1 A(b)(i) provides that if the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
 

 At the time the offenses were committed, LSA-R.S. 14:78.1 D provided that a person convicted of aggravated incest shall
 
 *1034
 
 be fined an amount not to exceed $50,000.00, or imprisoned, with or without hard labor, for a term of not less than five years nor more than 20 years, or both.
 
 [2]
 

 In light of LSA-R.S. 15:529.1 A(b)(i) and R.S. 14:78.1 D, the sentencing range for a third felony offender with an underlying aggravated incest conviction would be 18.3 years (two-thirds of 20 years, the longest possible sentence for the conviction) to 40 years (20 times 2, twice the longest possible sentence prescribed for a first conviction). In this case, the 10 year enhanced sentence on Count 2 imposed by the trial judge is below the mandatory minimum of 13.3 years. Therefore, we find that sentence is illegally lenient.
 

 However, as discussed above in Assignment of Error Number One, we vacate defendant’s sentence and remand this matter to the trial court for resentencing. Therefore, no action is required by this Court to correct this error. The trial court should take note of this error when resentencing on remand.
 

 | ^Accordingly, we vacate defendant’s sentence and remand this matter to the trial court for resentencing.
 

 SENTENCE PARTIALLY VACATED; MATTER REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Judge Charles Cusimano originally sentenced defendant to imprisonment at hard labor for 20 years on the forcible rape conviction and 10 years on the aggravated incest conviction to run concurrently.
 
 Morgan,
 
 06-529 at 3, 948 So.2d at 202. After Judge Cusimano found defendant to be a third felony offender, he vacated the original sentences on both counts and resentenced him to imprisonment at hard labor for 40 years on both counts to run concurrently.
 
 Id.
 

 [2]
 

 .
 
 The bill of information indicates that the aggravated incest offenses were committed on or between January 1, 1999 through January of 2002. Therefore, the 2002 code was utilized to determine the penalty for those offenses.