Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,859-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                 Appellee

versus

LANDON R. FULLER                 Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2013-607F

Honorable Stephen G. Dean, Judge

* * * * *

LOUISIANA APPELLATE PROJECT       Counsel for Appellant
By: Edward K. Bauman

PENNY WISE DOUCIERE            Counsel for Appellee
District Attorney

MICHAEL R. ELLINGTON
CAROLINE HEMPHILL
SHIRLEY GUILLORY GEE
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ELLENDER, JJ.

ELLENDER, J., concurs with written reasons.

STONE, J., concurs with written reasons.

**PITMAN, C.J.**

Defendant Landon R. Fuller pled guilty to two counts of forcible rape. In *State v. Fuller*, 54,997 (La. App. 2 Cir. 5/10/23), 361 So. 3d 1221 ("*Fuller I*"), this court affirmed his convictions, vacated his sentences and remanded for resentencing. On remand, the trial court sentenced Defendant to serve 25 years at hard labor without the benefit of probation, parole or suspension of sentence for both counts, to run consecutively to each other. Defendant appeals his sentences. For the following reasons, we affirm.

## FACTS

In *Fuller I*, this court provided the following factual and procedural background:

> On October 6, 2014, the defendant pled guilty to the forcible rape of two children; one child was five years old, and the other child was seven years old. The offenses were committed between October 1, 2012, and April 30, 2013, when the defendant was 16 years old.
>
> ***
>
> On December 10, 2014, the defendant appeared for sentencing. The trial court noted the defendant substantially benefited from the plea deal. The trial court also noted the defendant's age of 18 years (at the time of sentencing), and his status as a first-felony offender with no juvenile or adult record, were mitigating factors for sentencing. Nevertheless, the court sentenced the defendant to serve the maximum sentences, 40 years at hard labor, on each count to run concurrently, given the serious nature of the offenses and the harm to the victims. The defendant was given credit for time served.
>
> The defendant filed a motion to reconsider sentence. On February 24, 2015, the trial court heard argument on the motion and subsequently reduced the defendant's sentences, based on the fact the defendant was 16 years old when he committed the offenses. The trial court stated:
>
> > Here's why we're here today[.] I normally do not reconsider sentences. *** [T]here are two reasons I'm reconsidering this sentence. At the time I imposed that sentence, in my mind, Mr. Fuller, you

were 18. That's my error. I thought you were an adult at the time. There is a big difference in a 16-year old and [an] 18-year old, that's why the law is set up the way that it is. It does not excuse what you did in any shape, form or fashion, it does not lessen the severity of the offense that you were 16 as opposed to 18.

For that reason, I'm going to adjust your sentence and impose a sentence of twenty-five (25) years. You will be serving a hundred percent of that, you will still get credit for the time you served since the date of your arrest, but that is going to be the order of the Court and hopefully when you get out you will have learned something.

On December 23, 2019, the defendant filed a pro se "Motion to Correct an Illegal Sentence," pursuant to La. C. Cr. P. art. 882, arguing the trial court's order, that he must serve 100% of the sentence imposed, was illegal under La. R.S. 14:42.1 and La. R.S. 15:574.4(B). He argued the relevant statutes required him to serve 85% of the sentence imposed before becoming eligible for parole.

After delays, on December 21, 2020, a new trial court, Judge Stephen Dean presiding, concluded the sentence was not illegal and denied the defendant's motion. The trial court reasoned, regardless of the sentencing judge's comment, the calculation of time a defendant must serve before he is eligible for parole is governed by La. R.S. 14:574.4.

The defendant sought supervisory review of that ruling. By order dated May 27, 2021, this Court granted the defendant's writ and reversed the trial court's ruling. This Court concluded a single sentence was imposed for two counts of forcible rape when the trial court reduced the defendant's sentence from two concurrent 40-year terms to "25 years," and thus, the sentence was illegally indeterminate because the defendant must be sentenced as to each count. This Court vacated the defendant's 25-year sentence and remanded the matter for resentencing.

On December 14, 2021, the defendant appeared before the trial court, Judge Dean presiding. In open court, the prosecutor advised the court the matter was before the court for a "clarification of sentence." The trial court sentenced the defendant to serve 25 years at hard labor on each count, to be served consecutively, with credit for time served. The court did not articulate any reasons for the length or consecutive nature of the sentences. Further, the trial court did not indicate what portion of the sentences would be served without benefit of probation, parole, or suspension of sentence. The defendant

2

inquired, "Where is my lawyer, please?" The trial court informed him he did not need an attorney for a resentencing hearing.

The defendant filed a pro se writ application with this Court. On May 9, 2022, this Court granted the defendant's writ application, remanded this matter to the trial court for perfection of an appeal, and ordered the Louisiana Appellate Project to represent the defendant on appeal.

In *Fuller I*, this court vacated Defendant's 25-year consecutive sentences and remanded for resentencing. It explained:

Because the trial court herein sentenced defendant without the presence of counsel and without the defendant knowingly and intelligently waiving his right to counsel, we conclude the defendant's resentencing from "25 years" to two consecutive 25-year sentences mandated legal representation for the defendant to protect his interests. Accordingly, the defendant's sentences are invalid and are hereby vacated. We remand this matter to the trial court for resentencing in compliance with the constitutional mandates of the right to counsel.

Moreover, the resentencing court did not consider the defendant's age at the time the offenses were committed, nor did it did articulate a consideration of any factors set for in La. C. Cr. P. art 894.1. Additionally, we note this record is sparse, and the details with regard to the underlying offenses, *i.e.*, whether the offenses were based on the same act or transaction or constituted parts of a common scheme or plan, are unclear. The trial court did not articulate specific reasons for imposing consecutive sentences. Thus, this record does not provide an adequate basis to determine whether the trial court erred in imposing consecutive sentences. Absent such compliance, this Court lacks appropriate criteria by which to measure the excessiveness of the sentences in relation to this particular defendant. Consequently, on remand, the trial court is instructed to state for the record the considerations taken into account and the factual basis therefor in imposing the sentences. The trial court is further instructed to articulate factual reasons, in accordance with La. C. Cr. P. art. 894.1, for the imposition of these particular sentences on this particular defendant.

On remand, a resentencing hearing was held on October 31, 2023.

The trial court (Judge Dean) reviewed the procedural history of the case. It noted that when it previously sentenced Defendant, it did not articulate any reasons for the length or consecutive nature of the sentences or what portion

of the sentences would be served without benefits. It ordered a new presentence investigation report ("PSI") and reviewed the report prior to the hearing. The trial court stated that Defendant did not have a juvenile criminal record and that his adult criminal record consists only of forcible rape convictions. Defense counsel expressed Defendant's remorsefulness and asked that the court consider as a mitigating factor Defendant's age of 16 years at the time of the offenses, including that he was a child who had not developed intellectually and socially. The trial court detailed the aggravating factors present in this case and found that each factor of La. C. Cr. P. art. 894.1(A) applied. It found no mitigating factors but did consider Defendant's age when he committed the crimes. It stated that Defendant substantially benefited from the plea agreement and his status as a first-felony offender with no criminal record. It further considered the La. C. Cr. P. art. 894.1(B) factors and stated the following:

> The Court has also carefully considered the following: the serious nature of these offenses, the aggravating circumstances including the following facts: your victims were very young children. A mere seven-years-old and five-years-old at the time you committed these crimes. Your victims were particularly vulnerable because of their young ages. You were age sixteen when you committed these crimes. An age where you clearly knew that what you were doing to these young victims was absolutely and terribly wrong. These crimes were not based on the same . . . transaction and did not constitute parts of the common scheme of plan. You admitted that you committed these acts against both victims repeatedly, at least weekly over a period of at least six months. Young victims of such sexual assaults suffer extreme, long-lasting, psychological damage and scaring (sic). And your conduct against these children was absolutely vile and reprehensible. You have to the Court's knowledge expressed no remorse whatsoever for what you did to the victims other than your self-serving statement to counsel today and your self-serving statement you made when you were contacted for a statement to include as part of the pre-sentence investigation. That statement was as follows: I am sorry for what I did. It won't happen again. Your only explanation for any of your acts against the victims is that quote: I was a kid

and I made a mistake. Unquote. This Court strongly disagrees with both of those statements. You were sixteen, almost an adult legally. Not a kid, as you say. And these acts were not mistakes, as if you merely exercised poor judgement. These were serious, unconscionable crimes, clearly premeditated and intentional as shown by your own admission that you repeatedly abused these young victims over a long period of time.

The Court is of the opinion that these disgusting crimes that you committed call for the most severe punishment allowed by law for such a case. The only reason that the maximum sentence will not be imposed on each count in this case is that you were sixteen years of age when you committed the crimes. The Court is obligated to recognize this fact and give it weight in my sentencing.

The trial court then sentenced Defendant to serve 25 years at hard labor without the benefit of probation, parole or suspension of sentence for both counts of forcible rape. It ordered the sentences to run consecutively to each other and notified Defendant that he would receive credit for time served.

Defendant appeals his sentences.

## DISCUSSION

*Resentencing*

In his first assignment of error, Defendant argues that the trial court upon resentencing erred in failing to consider and deviating from the intent of the original sentencing judge. He states that he previously faced concurrent sentences of 25 years at hard labor with benefits, but the resentencing judge imposed harsher sentences with him facing 50 years in prison without benefits.

The state argues that the resentencing judge did not err when sentencing Defendant. It contends that the new sentences were not due to vindictiveness or retaliation against Defendant for successfully attacking his original sentence.

In *State v. Gilcrease*, 54,905 (La. App. 2 Cir. 11/30/22), 352 So. 3d 153, *writ denied*, 22-01845 (La. 5/31/23), 361 So. 3d 467, *cert. denied*, 144 S. Ct. 306 (2023), this court discussed the jurisprudence beginning with *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), that applies to cases where the defendant is resentenced by a different judge to a harsher sentence. It stated:

> In *North Carolina v. Pearce*, *supra*, the Supreme Court held that neither the double jeopardy provision nor the Equal Protection Clause imposed an absolute bar to a more severe sentence upon a reconviction. However, the court found that the due process clause of the 14th Amendment prohibited increased sentences when the increase was motivated by vindictiveness on the part of the sentencing judge. "And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.*
>
> The Supreme Court has clarified its holding in *Pearce* in several subsequent cases. According to these cases, *Pearce* established a prophylactic rule by which a presumption of vindictiveness is deemed to exist when a judge imposes a more severe sentence upon a defendant who successfully exercised his right to appeal or to attack his conviction collaterally. This presumption of vindictiveness may be overcome only by objective information in the record justifying the increased sentence.
>
> That decision, as we have said, was premised on the apparent need to guard against vindictiveness in the resentencing process. *Pearce* was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with a need for flexibility and discretion in the sentencing process. The possibility of a higher sentence was recognized and accepted as a legitimate concomitant of the retrial process.
>
> However, "the presumption of vindictiveness is inapplicable where, as here, different sentencers have imposed the different sentences against the defendant, because a sentence 'increase cannot truly be said to have taken place." *Texas v. McCullough*,

475 U.S. 134, 106 S. Ct. 976, 979, 89 L. Ed. 2d 104 (1986); *State v. Rodriguez*, 550 So. 2d 837 (La. App. 2 Cir. 9/27/89).

Where the presumption does not apply, the defendant may still be entitled to relief, but he must affirmatively prove actual vindictiveness. *Wasman v. United States*, 468 U.S. 559, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984); *State v. Rodriguez, supra.*

The presumption of vindictiveness, as contemplated by the U.S. Supreme Court in *North Carolina v. Pearce*, *supra*, is inapplicable in the present case because different sentencers imposed the different sentences. *See Texas v. McCullough*, *supra*; *State v. Gilcrease*, *supra.* Defendant has been sentenced four times by two judges. Judge Stephens first sentenced Defendant to 40 years at hard labor on each count, to run concurrently; he then resentenced Defendant to 25 years. This court vacated the 25-year sentence because the judge imposed an illegally indeterminate single sentence rather than a sentence for each count of forcible rape. Judge Dean then sentenced Defendant to serve 25 years at hard labor on each count, to be served consecutively, with credit for time served. This court vacated these sentences because Defendant was not represented by counsel at the resentencing hearing and because the judge did not adequately articulate consideration of the La. C. Cr. P. art. 894.1 factors or its reasons for imposing consecutive sentences. On remand, Judge Dean sentenced Defendant to serve 25 years at hard labor without the benefit of probation, parole or suspension of sentence for both counts of forcible rape, with credit for time served. It ordered the sentences to run consecutively to each other.

Defendant has not affirmatively proved actual vindictiveness. Although he contends that he originally faced concurrent sentences of 25 years at hard labor with benefits, an examination of the record shows that he never received this sentence. His argument suggests that he is relying on

7

the indeterminate 25-year sentence imposed by Judge Stephens. He contends that the resentencing judge and this court should consider the intent of Judge Stephens; however, this intent cannot be gleaned from the indeterminate sentence. Nevertheless, it appears that Judge Dean did consider the 25-year sentence imposed by Judge Stephens when he sentenced Defendant to serve 25 years at hard labor on each count. At the hearing when Judge Dean first sentenced Defendant, he stated that the purpose of the hearing was to clarify the 25-year sentence imposed by Judge Stephens. Judge Dean assumed Judge Stephens intended to sentence Defendant to 25 years as to each count. Therefore, Judge Dean sentenced Defendant to serve consecutive 25-year sentences at hard labor. When this court vacated these sentences, Judge Dean imposed the same sentences upon resentencing and provided a detailed record of his reasoning, including the young ages of the victims and the frequency of the rapes they endured.

Even if the presumption of vindictiveness applied in this case, we find that the second sentencing judge's reasons for imposing the sentences are sufficient to overcome the presumption. Judge Dean ordered a new PSI, which included statements on the lasting impacts on the victims nine years after the original PSI report and ten years since the rapes ended. He emphasized that "[y]oung victims of such sexual assaults suffer extreme, long-lasting, psychological damage."

Accordingly, this assignment of error lacks merit.

*Excessive Sentence*

In his second assignment of error, Defendant argues that the trial court's imposition of 25-year consecutive sentences is constitutionally excessive. He states that it is nothing more than a needless imposition of

pain and suffering for a first-felony offender who was 16 years old at the time of the offenses. He notes that these sentences mean he will be over the age of 60 before he is allowed to reenter society. He argues that concurrent sentences should be imposed because he has no prior criminal record, and the convictions arose out of the same course of conduct within a relatively short period of time.

The state argues that the trial court did not impose excessive sentences. It states that the court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1 and tailored appropriate and individualized sentences to the particular circumstances of this case. It also argues that given Defendant's deliberate cruelty against his child victims and that the rapes occurred over a six-month period, the sentences do not shock the sense of justice and should be affirmed.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory. *State v. Heath*, 53,559 (La. App. 2 Cir. 11/10/20), 304 So. 3d 1105, *writ denied*, 20-01422 (La. 4/7/21), 313 So. 3d 981. Consecutive sentences under those circumstances are not necessarily excessive. *Id.* It is within the court's discretion to make sentences consecutive rather than concurrent. *Id.* Factors to be considered in imposing consecutive sentences include the gravity and viciousness of the offense, the harm done to the victims, the risk of danger to the public, the offender's criminal history and his potential for rehabilitation. *Id.* The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270.

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v.*

10

*Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

At the time of the commission of the crimes, La. R.S. 14:42.1 stated that whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than 5 nor more than 40 years. At least 2 years of the sentence imposed shall be without benefit of probation, parole or suspension of sentence.

A review of the record demonstrates that the trial court did not abuse its discretion when sentencing defendant to consecutive 25-year sentences. The trial court complied with La. C. Cr. P. art. 894.1 and particularized the sentences to Defendant. It found that each factor of La. C. Cr. P. art. 894.1(A) applied. It determined that no mitigating factors applied but noted that Defendant did not have a criminal history and that he was 16 years of age when he committed the crimes. It also detailed the La. C. Cr. P. art. 894.1(B) factors, emphasizing the serious nature of the offenses, the youth of the victims and that Defendant repeatedly raped the children over several months. The court noted that these crimes call for the most severe punishment allowed by law, but it did not impose the maximum 40-year sentence because of Defendant's age at the time of the crimes.

Further, these midrange sentences are not constitutionally excessive. They do not shock the sense of justice when considering the vile nature of the crimes and the youth of the victims. The PSI reports describe truly heinous acts of rape by Defendant upon children aged five and seven. The

11

2023 PSI report notes that ten years after the rapes ended, the victims continue to suffer, and one victim reports having extreme anxiety. Defendant greatly benefited from pleading guilty to forcible rape rather than face sentences of life imprisonment if convicted of the charged offenses of aggravated rape. Regarding the consecutive nature of the sentences, the trial court stated that the crimes were not based on the same act or transaction because Defendant committed the sexual assaults at least weekly over a period of six months. It also emphasized the harm done to the victims.

Accordingly, this assignment of error lacks merit.

## ERRORS PATENT

A review of the record reveals that the trial court incorrectly advised Defendant that "you have two years to apply for post-conviction relief after your judgment of conviction and sentences ha[ve] become final, which is today." Although the trial court correctly advised Defendant that he has two years from the date his judgment of conviction and sentence become final to apply for post-conviction relief, it erred in stating that the judgment became final on the date of the sentencing hearing. If a trial court fails to advise, or gives an incomplete advisal, as required by La. C. Cr. P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *State v. Green*, 54,955 (La. App. 2 Cir. 4/5/23), 361 So. 3d 546. Accordingly, by way of this opinion, this court advises Defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. *See* La. C. Cr. P. art. 930.8.

12

Defendant contends that the trial court also erred in imposing an indeterminate sentence because it did not state how many years of the sentences were to be served without benefits. A review of the record reveals that the trial court ordered that each 25-year sentence be served without benefit of probation, parole or suspension of sentence. This is not an indeterminate sentence—the entirety of the 25-year sentences are to be served without the benefit of probation, parole of suspension of sentence. *See State v. Dupree*, 41,658 (La. App. 2 Cir. 1/31/07), 950 So. 2d 140, *writ denied*, 07-0439 (La. 10/12/07), 965 So. 2d 396.

## CONCLUSION

For the foregoing reasons, we affirm Defendant Landon R. Fuller's sentences.

**AFFIRMED.**

13

**ELLENDER, J., concurring.**

I find no merit in Fuller's argument that consecutive 25-year sentences, without benefits, are unconstitutionally excessive. Despite being a 16-year-old offender with no criminal record, Fuller committed unconscionable sex acts with these very young children weekly over the course of months, with the record supporting repeated penetration of two little girls, ages five and seven. As detailed by Judge Dean at resentencing, the most recent PSI reflects there has been a lasting impact on these victims ten years after the crimes were committed, and such young victims will likely suffer extreme, long-lasting psychological damage. These were not one-time impulsive acts, but calculated despicable offenses inflicted upon innocent vulnerable children repeatedly over a six-month period. Fuller received a significant benefit by pleading guilty to something less than what he was facing, two mandatory life sentences.

While a total sentence of 50 years without benefits is significant, it does not run afoul of the United States Supreme Court's holdings in *Graham v. Florida,* 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), and *Miller v Alabama,* 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), that the Eighth Amendment prohibits a sentencing scheme mandating life sentences without parole for juvenile offenders. Considering Fuller was sentenced as a juvenile offender to a term of imprisonment for less than life and more than a total of 25 years, he *may be* eligible for parole after serving 25 years of his sentence, R.S. 15:574.4(J).

In my view, the critical inquiry in this case is whether Judge Dean had the authority to impose a sentence that is twice as long as what Judge Stephens apparently intended. I respectfully do not agree with the

1

majority's conclusion that Judge Stephens's intent cannot be gleaned from the indeterminate 25-year sentence he imposed. He initially gave Fuller the maximum sentence of 40 years for each count, *concurrent*. On reconsideration, Judge Stephens said he was adjusting the sentence because he mistakenly thought Fuller was 18 years old at the time of the offenses, not 16, and then imposed a 25-year sentence, stating Fuller "would be serving a hundred percent of that." While Judge Stephens failed to state he was imposing two concurrent 25-year sentences (and failed to use the term "without benefits"), his true intent is readily apparent to me. Since he granted reconsideration of two concurrent 40-year sentences because he mistakenly thought Fuller was an adult and not a juvenile, he could not have intended to increase Fuller's total sentence by ten years and impose two *consecutive* 25-year sentences.

Considering I believe Judge Stephens's intent can be reasonably gleaned from the record, the inquiry then is whether the harsher sentences imposed by Judge Dean are prohibited. Harsher sentences are not absolutely barred on resentencing, but they cannot be motivated by vindictiveness simply because a defendant exercises the constitutional right to appeal. *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The purpose behind this rule is to prevent defendants from being penalized for having exercised their constitutional rights, *State v. Morgan,* 08-1299 (La. App. 5 Cir. 5/26/09), 15 So. 3d 1026, as this would have a chilling effect on their ability to do so.

The majority opinion definitively sets forth there can be no presumption of vindictiveness in this case since Fuller was resentenced by a different judge. This holding is well supported by the multiple cases

2

referenced in the opinion. To prevail, Fuller must affirmatively prove *actual* vindictiveness on the part of Judge Dean, and I agree with the majority opinion that he has not carried this burden. An increased sentence alone is not sufficient to establish vindictiveness. *State v. Morgan, supra, citing State v. Dauzart,* 07-15 (La. App. 5 Cir. 5/15/07), 960 So. 2d 1079. Judge Dean provided detailed, non-vindictive reasons and factors he considered for the sentences imposed, emphasizing the disturbing facts of this case. Fuller presented no evidence of personal animus or vindictiveness. Judge Dean's new point of view and approach to the exercise of his considerable sentencing discretion reflect he apparently believed that concurrent sentences were far too lenient in this case where Fuller repeatedly raped two very young children over a period of months.

I would add, considering the potential application of R.S. 15:574.4 (J), Fuller may end up serving the sentence Judge Stephens intended, 25 years, with Fuller "serving one hundred percent of that." Subsection J, allowing parole consideration for a juvenile nonhomicide offender after serving 25 years of his sentence, was not enacted until 2020, and thus was not available to Judge Stephens at the time of resentencing, in 2015. The consecutive 25-year sentences imposed by Judge Dean will allow for incarceration for a full 25 years and then create the possibility of release, under parole supervision, should Fuller qualify under Subsection J.

For these reasons, I concur.

**STONE, J., concurring.**

I write to append to Judge Ellender's concurrence. While Fuller was unable to affirmatively prove actual vindictiveness on the part of Judge Dean, I find his statements during Fuller's resentencing hearing concerning:

> You have, to the Court's knowledge expressed no remorse whatsoever for what you did to the victims other than your self-serving statement to counsel today and your self-serving statement you made when you were contacted for a statement to include as part of the pre-sentence investigation. That statement was given as follows: "I am sorry for what I did. It won't happen again." Your only explanation for any of your acts against the victims is that quote: I was a kid and I made a mistake. Unquote. This Court strongly disagrees with both of those statements. You were sixteen, almost an adult legally. Not a kid, as you say. And these acts were not mistakes, as if you merely exercised poor judgment. These were serious, unconscionable crimes, clearly premeditated and intentional as shown by your own admission that you repeatedly abused these young victims over a long period of time.
>
> The Court is of the opinion that these disgusting crimes that you committed call for the most severe punishment allowed by law for such a case. The only reason that the maximum sentence will not be imposed on each count in this case is that you were sixteen years of age when you committed these crimes. The Court is obligated to recognize this fact and give it weight in my sentencing.
>
> Fuller pled guilty to lesser offenses, was adjudicated, and

subsequently resentenced as a juvenile for his crimes. Judge Dean's statement referring to Fuller as "almost an adult… Not a kid as you say," was redundant and unnecessary. Further, Judge Dean's comment that he was *obligated* to consider Fuller's age in his sentencing alludes to a more punitive stance and attitude regarding sentencing in general, and this could be reasonably perceived as vindictive.

Undoubtedly, this is a horrible case with deplorable acts committed by Fuller. We expect there to be long-lasting effects and psychological damage

1

suffered by the victims, and Judge Dean properly and thoroughly considered La. C. Cr. P. art. 894.1 and clearly articulated reasons for the imposed sentence. However, to reiterate, the fear of vindictiveness on the part of a sentencing judge may cause a chilling effect in similar cases. Accordingly, trial courts should be mindful of its language so as to not violate the constitutional rights of those who choose to exercise their right to appeal.

For these reasons, I concur.